UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
      DIAN S. GORDON                 )        Case No. 04-14831-SSM
                                    )        Chapter 13
                    Debtor          )


**MEMORANDUM OPINION AND ORDER**


Before the court is the application of Tommy Andrews, Jr., P.C., for allowance and

payment of $758.67 in supplemental compensation.  Hearings were held on February 8 and

22, 2006, at which the debtor appeared and opposed the application.  The court then took the

application under advisement.  For the reasons stated, a further hearing must be set.

<u>Background</u>

The debtor, Dian S. Gordon, filed a voluntary petition in this court on November 23,

2004, for adjustment of his debts under chapter 13 of the Bankruptcy Code.  He has been

represented throughout the case by Tommy Andrews, Jr., an experienced bankruptcy

attorney, and by other attorneys in the same law firm.  The disclosure of compensation

reflected that the agreed fee for representing the debtor was $1,500, of which counsel had

received $416.00 (plus the $194.00 filing fee) prior to the bankruptcy filing.  According to

the disclosure, the agreed fee covered analysis of the debtor's financial situation, and

rendering advice to the debtor in determining whether to file a petition in bankruptcy;

preparation and filing of any petition, schedules, statement of affairs and plan which may be

required; providing the trustee with verification of income and other relevant information

1

prior to the meeting of creditors; and representation at the meeting of creditors.  For matters

not covered by the agreed fee, services would be billed at an hourly rate of $225.00 for

attorney time and $110.00 for paralegal time.

The first plan proposed by the debtor was denied confirmation after the IRS objected

and after the debtor's mortgage company filed a motion for relief from the automatic stay.

The motion for relief from the automatic stay was settled with a consent order for direct

payment of post-petition arrears over a six-month period.  An amended plan was then filed

on April 13, 2005, and confirmed on May 17, 2005.  The plan required the debtor to pay

$960.00 per month for three months, followed by $1,325.00 per month for fifty-seven

months, and projected a payout to unsecured creditors of ninety-eight cents on the dollar.

The plan also provided for payment to the debtor's attorney of the $1,094.00 remaining due

on the $1,500.00 agreed fee.   Shortly after the plan was confirmed, debtor's counsel applied

for supplemental compensation in the amount of $1,028.00, which was approved without

objection by order entered on June 22, 2005.  The supplemental compensation covered

services through May 26, 2005.

The case proceeded uneventfully until September 2005, when the chapter 13 trustee

filed a motion to dismiss based on the debtor's having fallen behind in plan payments.  At a

hearing held in October 2005, the motion was continued for two months to allow the debtor

and his attorney time to address the payment arrearage.  On December 13, 2005—the day

prior to the continued hearing—a second amended plan was filed which dealt with the

arrearage by increasing the plan payments to $1,500.00 per month for the remaining 48

months.  The motion to dismiss was then continued again pending confirmation of the

2

amended plan.  The trustee withdrew the motion to dismiss at the end of December 2005, and the amended plan was confirmed on January 17, 2006.

In the interim, the debtor's attorney filed the application for compensation that is currently before the court.  It seeks an additional $758.67 for services from June 3, 2005, through December 14, 2005.  The time records attached to the application reflect 1.2 hours of paralegal time and 3.28 hours of attorney time for the period in question, billed at $85.00 per hour and $200.00 per hour, respectively.[1]  At the February 8, 2006, hearing on the application, the debtor appeared, objected to the fees, and also advised the court that he had just obtained a contract for the sale of his house.  The hearing was continued to allow the debtor's counsel an opportunity to review the contract and to file a motion to approve the sale.  The next day, the debtor's attorney filed a motion to approve the sale—the proceeds of which would fully pay off the chapter 13 plan—together with a motion for shortened notice and for an expedited hearing.  On February 22, the court granted the motion to approve the sale.  At the hearing, the debtor elaborated on his objection to the fees, asserting that the filing of the second amended plan was unnecessary and had been filed by his attorney without consulting him.

---

[1]  The time records cover a period that also includes the prior fee application, but then credits the resulting total with the payment previously approved.  The total fee in the case, if the present application were approved, would be as follows:

| | |
|---|---|
| Paid pre-petition | $416.00 |
| Paid through plan | $1,094.00 |
| 1st supplemental application | $1,028.00 |
| Sub-total (previously paid) | $2,538.00 |
| 2nd supplemental application | $758.67 |
| Total | $3,296.67 |

3

<u>Discussion</u>

A.

In a chapter 13 case, the court may approve compensation, payable from the

bankruptcy estate, to an attorney "for representing the interest of the debtor in connection

with the bankruptcy case based on a consideration of the benefit and necessity of such

services to the debtor and the other factors set forth [in § 330 of the Bankruptcy Code]." §

330(a)(4)(B), Bankruptcy Code.  The "other factors" specified in the statute are:

> the nature, the extent, and the value of such services, taking into
> account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the
> administration of, or beneficial at the time the service was
> rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a
> reasonable amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task addressed;
> and
> (E) whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

§ 330(a)(3), Bankruptcy Code.[2]

B.

As noted, the application seeks compensation for 1.2 hours of paralegal time and 3.28

hours of attorney time.  Much of this time consists of telephone calls and correspondence

with the debtor and appears reasonable.  The two largest blocks of time are two court

---

[2]  The text of the statute has been modified by the Bankruptcy Abuse Prevention and
Consumer Protection Act of 2005, Pub.L. 109-8 (April 20, 2005), but the changes apply
only to cases filed on or after October 17, 2005.

appearances on the motion to dismiss, each of which is billed at one hour of attorney time.

There is also a half-hour of attorney time for "drafting pleadings," which apparently refers to

the second amended plan.

The court notes that this law firm (which commonly has a large number of matters on

most chapter 13 hearing dates) appears to bill all court appearances at 1.0 hours.  This may

simplify the firm's internal accounting but in this case would appear to overstate the actual

time that should fairly be charged to the debtor in this case.  Thus, on December 14, 2005,

the firm billed 1.0 hours for the hearing on the trustee's motion to dismiss.  The firm had a

total of 19 matters on the docket that day.  Five of those were fee applications and therefore

non-compensable, since this court does not allow compensation in chapter 13 cases for time

spent preparing or appearing in court on fee applications.  The remaining matters consisted

of two motions to approve a sale or refinance of real property, three motions to dismiss,

seven objections to confirmation, and two miscellaneous motions.  The docket was

unusually heavy that day and likely lasted at least three hours.  Assuming that the firm billed

each matter—as seems to be the firm's practice— at 1.0 hours, the total for the 14 matters

(not including fee applications) would be 14 hours, or far in excess of the actual time spent

in court.  While any adjustment cannot be entirely scientific, the court concludes that no

more than 0.25 hours should have been charged to the debtor for that appearance.  For the

court hearing on October 26, 2006, the firm had six matters other than fee applications on

the docket.  Again, the docket was heavy, and the court can assume that counsel was in court

at least three hours on those various matters.  Accordingly, the court would allow 0.5 hours

for that day.

That leaves for consideration the 0.5 hours charged for preparation and filing of the second amended plan.  The debtor, as noted, says that the plan was unnecessary, since his intent was to cure the payment arrearage and, indeed, to pay off the plan, by selling the house.   At that point, however, there was no signed contract, and even when contracts are signed, it is not unknown for sales to fall through.  Certainly, without an amended plan in place to cure the default in the event a sale did not materialize, the debtor would have been at serious risk of having his case dismissed.  For that reason, the court cannot find that the preparation and filing of the amended plan (which, in any event, constitutes no more than 13% of the fee being requested) was unnecessary.  With the reduction noted by the court with respect to the court appearances, the court would therefore tentatively find that 1.2 hours of paralegal time and 2.03 hours of attorney time were compensable.  The requested rates of $85.00 per hour and $200.00 per hour are consistent with prevailing rates and are reasonable.  Accordingly, subject to a resolution of the one remaining issue, the court would conclude that $508 was an appropriate award of supplemental compensation.

The remaining issue—and one, unfortunately, that cannot be resolved on the present record—is the assertion that the second amended plan was prepared and filed without consulting with the debtor.  The time records include an entry for 0.25 hours for a telephone call "regarding amending plan."  The plan itself—which was filed electronically—contains the debtor's typographic signature ("/s/").  This court's order adopting procedures for electronic filing requires that counsel obtain actual signatures before filing a document

electronically with typographic signatures.[3]  The debtor's statement that he was not

consulted before the second amended plan was filed seems to suggest that he did not

actually sign the plan.  If so, that would be a matter of serious concern.  *See In re Wenk,* 296

B.R. 719 (Bankr. E.D. Va. 2002).  Under the order implementing electronic filing

procedures, counsel is required to retain the signed original of pleadings and papers that

require the client's signature. Accordingly, the court will set a further hearing for counsel to

produce the signed original of the second amended plan and for the court to consider any

testimony that may be offered on the issue of whether the filing of the second amended plan

was authorized.

At the hearing approving the sale of the debtor's real estate, debtor's counsel

indicated that a further supplemental fee application would probably be submitted.  There is

obviously no point in having multiple hearings, and the court will therefore require that any

final fee application be set for a hearing at the same time as the hearing set by this order.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  A further hearing on the application (Doc. # 52) by Tommy Andrews Jr.,

P.C. for supplemental compensation shall be held on **April 12, 2006, at 1:30 p.m.**

2.  Any final application for compensation shall be filed and served not later

than **March 23, 2006**, and shall be noticed for a hearing on **April 12, 2006, at 1:30 p.m.**

---

[3]  Order Adopting Case Management/Electronic Case Filing Procedures, No. 06-1 (Bankr.
E.D. Va., Feb. 16, 2006), Administrative Procedures § II.C.1

7

3.  The clerk will mail a copy of this order, or give electronic notice of its

entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge


Copies to:

Tommy Andrews, Jr., Esquire
Tommy Andrews, Jr., P.C.
122 N. Alfred Street
Alexandria, VA  22314
Counsel for the debtor

Dian S. Gordon
16852 Winston Lane
Woodbridge, VA 22191
Debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee